OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Nicholas Marino, appeals the judgment entered by the Lake County Court of Common Pleas. Marino was sentenced to a total prison term of eight years for his convictions for burglary.
 {¶ 2} Marino was indicted on three counts of burglary, in violation of R.C. 2911.12(A)(2), second-degree felonies; one count of grand theft, in violation of R.C. 2913.02(A)(1), a third-degree felony; and one count of possessing criminal tools, in violation of R.C. 2923.24, a fifth-degree felony. The grand theft charge and one of the burglary charges (Count 2 of the indictment) had firearm specifications.
 {¶ 3} Marino pled guilty to the three burglary counts, including the firearm specification attached to count two. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
 {¶ 4} The trial court sentenced Marino to two-year prison terms on two of the burglary convictions and a three-year prison term on the remaining burglary conviction. These prison terms were ordered to be served consecutively. In addition, the trial court imposed a one-year prison term on the firearm specification associated with count two. Thus, Marino's aggregate sentence was eight years.
 {¶ 5} In February 2006, Marino, pursuant to App.R. 5(A), filed a motion for delayed appeal. This court granted his motion for delayed appeal. On appeal, Marino raises the following assignment of error:
 {¶ 6} "The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive sentence based upon factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 7} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[1] In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[2]
 {¶ 8} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[3]
 {¶ 9} The trial court's "cumulative" sentence contains consecutive sentences, which were arrived at via judicial factfinding. Pursuant to State v. Foster, the consecutive sentences for the underlying convictions are unconstitutional.[4]
 {¶ 10} Marino was sentenced to a three-year prison term on count four. This term was more than the statutory minimum for a second-degree felony.[5] Since the trial court engaged in judicial factfinding to impose this sentence, it is unconstitutional.[6] Therefore, it must be vacated.[7]
 {¶ 11} Marino was sentenced to two-year prison terms for his convictions on counts one and two. These were both second-degree felonies. A two-year prison term is the minimum that a trial court may impose for a second-degree felony.[8] Since the trial court imposed the statutory minimum sentences on these counts, it was not required to engage in judicial factfinding pursuant to former R.C. 2929.14(B). Therefore, these sentences are constitutional and will not be disturbed on appeal.[9]
 {¶ 12} Our analysis turns to the one-year sentence the trial court imposed for the firearm specification on count two. Marino does not allege the trial court erred in the imposition of this sentence. Further, this sentence was imposed pursuant to R.C.2929.14(D)(1)(a)(iii) and R.C. 2941.141. No judicial factfinding was required for the imposition of this sentence. Also, the trial court was not required to make any findings to impose this sentence consecutively to the sentence imposed for Marino's underlying conviction on count two. R.C. 2929.14(E)(1)(a) mandates that the firearm specification be served consecutively to the sentence imposed for the underlying offense. Since this sentence does not violate State v. Foster, we will not disturb it on appeal.[10]
 {¶ 13} Marino's assignment of error has merit to the extent indicated.
 {¶ 14} The judgment of the trial court is reversed, and the matter is remanded for resentencing, pursuant to State v.Foster.[11] Specifically, the trial court is to resentence Marino on count four. Thereafter, the trial court is to determine whether Marino's sentences are to be served consecutively to each other. If the trial court determines consecutive service is appropriate, it shall designate which sentences are to be served consecutively and, if applicable, which are to be served concurrently.
Rice, J., O'Toole, J., concur.
[1] State v. Foster. 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph one of the syllabus, following Apprendi v. New Jersey
(2000), 530 U.S. 466 and Blakely v. Washington (2004),542 U.S. 296.
[2] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[3] State v. Foster, paragraphs two and four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[4] State v. Foster, paragraph three of the syllabus.
[5] R.C. 2929.14(A)(2).
[6] State v. Foster, paragraph one of the syllabus.
[7] Id. at ¶ 103-104.
[8] R.C. 2929.14(A)(2).
[9] See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 30.
[10] Id.
[11] State v. Foster, at ¶ 104.