OPINION
{¶ 1} Appellant, Terry W. Nicholson, was involved in a traffic accident and was charged with one count of operating a vehicle under the influence of alcohol on February 11, 2005. On August 3, 2005, he pled guilty to operating a vehicle under the influence of alcohol, a third degree felony in violation of R.C.4511.19(A)(1)(a), with a DWI specification as set forth at R.C.2941.1413. Nicholson was sentenced on October 24, 2005, to consecutive prison sentences totaling six years. The state stipulated to the facts as presented by appellant.
 {¶ 2} Appellant raises one assignment of error:
 {¶ 3} "1. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's State and Federal Constitutional rights to trial by jury."[1]
 {¶ 4} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignments of error are with merit.
 {¶ 5} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14(B), (C), and (E), and 2929.19(B)(2) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 6} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B), (C), and (E), and 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus. Neither is it required when imposing consecutive sentences. Foster at paragraph 4 of the syllabus.
 {¶ 7} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 8} The sentence of the Lake County Court of Common Pleas is vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant to Foster.
Ford, P.J., Grendell, J., concur.
[1] We note that in the body of his brief, appellant refers to the assignment of error as his "second" assignment.