OPINION
{¶ 1} Appellant, Quelman Bernardo Oseto Medina ("Medina"), appeals the sentences and the sexual predator classification entered by the Lake County Common Pleas Court.
 {¶ 2} Medina was indicted by the grand jury on six felony counts, including two counts of kidnapping, and one count each of abduction, robbery, attempted rape, and gross sexual imposition. The charges related to an incident in Madison, Ohio, on June 5, 2005, when Medina tried to sexually assault a 16-year-old female and took the cell phone of another female who was attempting to call for help.
 {¶ 3} On September 9, 2005, Medina pled guilty to one count of kidnapping, a violation of R.C. 2905.01(A)(4), and a felony of the first degree; one count of robbery, a violation of R.C.2911.02(A)(2), and a felony of the second degree; and one count of attempted rape, a violation of R.C. 2923.02 and 2907.02(A)(2), and a felony of the second degree.
 {¶ 4} On October 31, 2005, the trial court conducted a sexual predator hearing and, then, a sentencing hearing. No witnesses testified at the sexual predator hearing, and the attorneys presented arguments to the court. A psychological report prepared by Dr. Jeff Rindsberg was admitted as an exhibit. At the conclusion of the hearing, Medina was labeled a sexual predator by the trial court pursuant to R.C. Chapter 2950.
 {¶ 5} Medina was then sentenced to prison terms of six years for the kidnapping conviction, four years for the robbery conviction, and eight years for the attempted rape conviction, such sentences to run consecutively to each other. Pursuant to a motion by the state of Ohio, the trial court entered a nolle prosequi with respect to the other three counts of the indictment. Therefore, Medina's sentences amounted to 18 years in the aggregate.
 {¶ 6} Medina timely filed an appeal to this court, raising two assignments of error, the first of which is as follows:
 {¶ 7} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 8} In this first assignment of error, Medina claims that the trial court's classification of him as a "sexual predator" was not supported by clear and convincing evidence. We disagree.
 {¶ 9} "R.C. 2950.01(E) defines a sexual predator as `a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.'[1] The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. [R.C. 2950.09(C)(2)(c) and 2950.09(B)(4)]"[2]
 {¶ 10} In reviewing the trial court's adjudication of an offender as a sexual predator, we engage in a manifest weight of the evidence analysis.[3] That is:
 {¶ 11} "[A]n appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice."[4], [5]
 {¶ 12} The trial court must consider all relevant factors to determine whether the evidence presented is sufficient to support the finding that the offender is likely to engage in future sex offenses.[6] These factors are contained in R.C.2950.09(B)(3)(a) through (j) and include, but are not limited to: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has been convicted and sentenced for a prior offense and, if the prior offense was a sexually oriented offense, whether he has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct.
 {¶ 13} "Clear and convincing evidence is that measure of proof which is more than a mere preponderance of evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."[7]
 {¶ 14} The crime of attempted rape is a sexually oriented offense.[8] Kidnapping (R.C. 2905.01(A)(4)) is also a sexually oriented offense where the victim is under 18 years of age.[9] Therefore, the trial court had to determine, based upon the factors in R.C. 2950.09(B)(3)(a) through (j), and by clear and convincing evidence, whether Medina was likely to commit a sexually oriented offense in the future.
 {¶ 15} "No requisite number of these factors must apply before an offender is found to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. * * * Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing."[10]
 {¶ 16} Medina argues that, "based upon a preponderance of the above factors," he should not have been labeled a sexual predator. In this connection, he points out, as the trial court agreed, that various factors were not present in his case. The factors relating to having a prior criminal record, that the sexual offense did not involve multiple victims, that the offender did not impair the victim with drugs or alcohol, that he did not have a mental illness or mental disability, and that there was no demonstrated pattern of abuse, were factors not present in his case.
 {¶ 17} Medina was 24 years of age at the time of the offense and the victim was 16 years of age at the time. The court found that Medina's age increased his risk of recidivism. With regard to the victim's age, even though the victim was a minor, the trial court did not to refer to Medina as a child molester, because the investigation reflected in the psychologist's report established that Medina perceived her to be a young woman, and not a minor child. The trial court, therefore, considered him to be a rapist, and not a child molester.
 {¶ 18} With regard to the factor regarding the display of cruelty during the commission of the offense, the trial court found this factor to be significant. In this regard, the trial court stated:
 {¶ 19} "[Medina] displayed extreme cruelty or threats of cruelty in the commission of this offense. Specifically, [Medina] hid from the victim and lied in wait on a public beach; then jumped the victim, threatened a second victim, who came to help, with bodily harm, then continued his quest to rape the first victim after the second victim went for help. [Medina] used physical aggression and force against both victims."
 {¶ 20} The term "cruelty" is not defined in the statute, but the ordinary meaning of "cruelty" is "[t]he intentional and malicious infliction of mental or physical suffering on a living creature, [especially] a human."[11]
 {¶ 21} By definition, every attempted rape must necessarily involve a certain degree of force and, therefore, the infliction of cruelty. An example of cruelty was that displayed by the petitioner in the case of Blakely v. Washington, where the petitioner abducted his wife from their home, bound her with duct tape, and forced her at knifepoint into a wooden box in the bed of his truck.[12] After the defendant pled guilty to kidnapping and assault charges, the trial court enhanced his sentence after it made a separate finding of "deliberate cruelty."[13]
 {¶ 22} Certainly the victim endured mental and physical suffering as the result of Medina's actions, and the force he exerted against her in forcing her to the ground and causing her to have to fight back against his aggressive urges displayed a willingness to subdue another human being for his own malevolent purposes. We, therefore, agree with the finding by the trial court that Medina displayed cruelty during the commission of the offense.
 {¶ 23} As additional behavioral factors to be considered, the trial court also considered the fact that Medina used marijuana just prior to the incident, that the result of a psychological test (Static-99) showed him to be at a moderate to high-risk to re-offend, that he was a stranger to the victim, that he was hiding in a public place waiting for the victim, and that he put himself at considerable risk knowing that other people were in the vicinity, thus demonstrating an inability to control his behavior and impulses.
 {¶ 24} After reviewing the entire record, including the evidence presented at the hearing, the trial court's adjudication was not against the manifest weight of the evidence. Even though some factors from R.C. 2950.09(B)(3)(a) through (j) were not present in this case, there was sufficient, probative evidence to support the trial court's determination that the other factors weighed in favor of a finding that Medina is likely to engage in sexually oriented offenses in the future.
 {¶ 25} The first assignment of error is without merit.
 {¶ 26} Medina's second assignment of error is as follows:
 {¶ 27} "The trial court erred when it sentenced the defendant-appellant to a more-than-the minimum, consecutive sentence [sic] based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 28} This assignment of error is raised in response to the United States Supreme Court's opinion in Blakely v.Washington.[14]
 {¶ 29} The minimum sentence for a first-degree felony is three years, and two years for a second-degree felony.[15]
Medina received more-than-the-minimum sentences of six years for kidnapping, four years for robbery, and eight years for attempted rape. In addition, Medina received consecutive sentences.
 {¶ 30} In State v. Foster, the Supreme Court of Ohio held that, insofar as R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding in order to impose a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional.[16]
In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[17]
 {¶ 31} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[18]
 {¶ 32} Though Medina made no objection to his sentences in the trial court, this court is permitted to notice plain errors committed in the trial court and urged for the first time on appeal "under exceptional circumstances and only to prevent a manifest miscarriage of justice."[19]
 {¶ 33} At the sentencing hearing, the trial court made findings, pursuant to R.C. 2929.14(B) and 2929.14(E)(4), in order to increase Medina's sentences that were more-than-the-minimum sentences and consecutive in nature. No admissions were made by Medina that would have increased his sentences to more-than-the-minimum or consecutive sentences.
 {¶ 34} Therefore, Medina's sentences must be reversed, and this matter must be remanded for resentencing, because the sentences were based upon judicial factfinding, which the Supreme Court of Ohio found to be unconstitutional.[20]
 {¶ 35} The second assignment of error is with merit.
 {¶ 36} The judgment of the trial court, insofar as it labeled Medina a sexual predator, is affirmed. The judgment is reversed with respect to the sentences imposed upon Medina. The sentences are vacated, and this matter is remanded to the trial court for resentencing.
Rice, J., O'Toole, J., concur.
[1] R.C. 2950.01(E)(1) was amended on July 31, 2003 to add the following language to the definition of "sexual predator:" "that is not a registration-exempt sexually oriented offense."
[2] (Citation omitted.) State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶ 38.
[3] Id. at ¶ 37, citing State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 Ohio App. LEXIS 1904, at *7.
[4] State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
[5] State v. Murphy, 2005-Ohio-412, at ¶ 40.
[6] See R.C. 2950.09(B)(3).
[7] State v. Taylor, 11th Dist. No. 2002-G-2441,2003-Ohio-6963, at ¶ 12, citing Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122.
[8] R.C. 2950.01(D)(1)(g).
[9] R.C. 2950.01(D)(1)(a)(i).
[10] (Citations omitted.) State v. Fears, 10th Dist. No. 04AP-1164, 2005-Ohio-2960, at ¶ 6.
[11] Black's Law Dictionary (8th Ed.Rev. 2004) 405.
[12] Blakely v. Washington (2004), 542 U.S. 296, 298.
[13] Id.
[14] Blakely v. Washington, supra.
[15] R.C. 2929.14(A)(1), (A)(2).
[16] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus, following Apprendi v. New Jersey
(2000), 530 U.S. 466 and Blakely v. Washington, supra.
[17] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[18] Id., at paragraphs two and four of the syllabus, followingUnited States v. Booker (2005), 543 U.S. 220.
[19] State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
[20] State v. Foster, supra, at ¶ 99-104.