OPINION
{¶ 1} Terry W. Nicholson appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to six years imprisonment for operating a vehicle while under the influence. We affirm.
 {¶ 2} February 11, 2005, Mr. Nicholson was involved in an automobile accident. By an indictment filed June 22, 2005, the Lake County Grand Jury indicted Mr. Nicholson for operating a vehicle while under the influence of alcohol or drugs, a third *Page 2 
degree felony in violation of R.C. 4511.19(A)(1)(a), with a DWI specification pursuant to R.C. 2941.1413. August 3, 2005, Mr. Nicholson withdrew a former "not guilty" plea, and entered a written plea of guilty to both the count and the specification. Following hearing, the trial court sentenced him to consecutive terms totaling six years.
 {¶ 3} Mr. Nicholson timely noticed an appeal of his sentences. Cf.State v. Nicholson, 11th Dist. No. 2005-L-199, 2006-Ohio-3889, at ¶ 1. Pursuant to the mandate of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacated Mr. Nicholson's sentences, and remanded for resentencing. Id. at ¶ 4-8.
 {¶ 4} The trial court held resentencing hearing October 28, 2006. By a judgment entry filed September 1, 2006, it re-imposed its prior sentences: three years (less time served) for the violation of R.C.4511.19(A)(1)(a); and three years for the DWI specification, to be served prior to and consecutive to the felony sentence. Mr. Nicholson again timely appealed, making five assignments of error:
 {¶ 5} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 6} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 7} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers. *Page 3 
 {¶ 8} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the Rule of Lenity.
 {¶ 9} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio legislators."
 {¶ 10} Mr. Nicholson's assignments of error substantially track those presented by the appellant in our recent decision in State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, and fail for the same reasons. Id. at ¶ 10-56. See, also, State v. Ashley, 11th Dist. No. 2006-L-134, 2007-Ohio-690, at ¶ 20, 26.
 {¶ 11} The assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1