OPINION
{¶ 1} This case is submitted to this court on the record and the briefs of the parties. Appellant, Nicholas Marino, appeals the judgment entered by the Lake County Court of Common Pleas. Upon resentencing, the trial court sentenced Marino to an aggregate prison term of eight years for his convictions for burglary. *Page 2 
 {¶ 2} Marino was indicted on three counts of burglary, in violation of R.C. 2911.12(A)(2), second-degree felonies; one count of grand theft, in violation of R.C. 2913.02(A)(1), a third-degree felony; and one count of possessing criminal tools, in violation of R.C. 2923.24, a fifth-degree felony. The grand theft charge and one of the burglary charges (Count 2 of the indictment) had firearm specifications.
 {¶ 3} Marino pled guilty to the three burglary counts, including the firearm specification attached to count two. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
 {¶ 4} The trial court sentenced Marino to two-year prison terms on two of the burglary convictions and a three-year prison term on the remaining burglary conviction. These prison terms were ordered to be served consecutively. In addition, the trial court imposed a one-year prison term on the firearm specification associated with count two. Thus, Marino's aggregate sentence was eight years.
 {¶ 5} Marino appealed the trial court's judgment entry of sentence to this court. This court reversed the trial court's judgment entry of sentence and remanded the matter for resentencing pursuant to the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Marino, 11th Dist. No. 2006-L-019,2006-Ohio-3223, at ¶ 11.
 {¶ 6} In August 2006, the trial court conducted a resentencing hearing. Upon resentencing, the trial court sentenced Marino to an identical sentence, consisting of two-year prison terms on two of the burglary convictions and a three-year prison term on the third burglary conviction, to be served consecutively. Also, the trial court again imposed a one-year term on the firearm specification and ordered that this term be *Page 3 
served consecutively to the remaining terms. Therefore, Marino's aggregate sentence was eight years.
 {¶ 7} Marino has timely appealed the trial court's resentencing judgment entry. Marino raises the following assignments of error:
 {¶ 8} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 9} "[2] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of defendant-appellant's right to due process.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 11} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the rule of lenity.
 {¶ 12} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the intent of the Ohio Legislators."
 {¶ 13} Collectively, Marino asserts his sentence is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. See State v. Foster, supra. This court has recently addressed Marino's arguments in the case of *Page 4 State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. InState v. Elswick, this court found the nearly verbatim assignments of error that are raised in this appeal to be without merit. Id. at ¶ 5-55. The only difference between the case sub judice and Elswick is that Marino also appeals the consecutive nature of his sentence. However, this court has recently held that the Elswick decision "is equally applicable to more-than-the-minimum and consecutive prison terms."State v. Mansfield, 11th Dist. No. 2006-L-117, 2007-Ohio-1198, at ¶ 10.
 {¶ 14} Based on the authority of State v. Elswick, Marino's assignments of error are without merit.
 {¶ 15} The judgment of the Lake County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J.,
MARY JANE TRAPP, J.,
 concur. *Page 1