OPINION
{¶ 1} Appellant, James N. Schaub, appeals from the June 2, 2006 judgment entry of the Lake County Court of Common Pleas, which resentenced him post-Foster to consecutive prison terms of eight years for the offense of rape, in violation of R.C. 2907.02(A)(2), and three years for a firearm specification under R.C. 2929.14(D)(1). For the following reasons, we affirm. *Page 2 
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On March 3, 2003, a complaint was filed in the Painesville Municipal Court charging appellant with one count of rape, in violation of R.C. 2907.02(A), and one count of kidnapping, in violation of R.C.2905.01(A)(4). Appellant waived his right to a preliminary hearing and consented to be bound over to the Lake County Court of Common Pleas.
 {¶ 4} By information, in the court of common pleas, appellant was charged with one count of rape, in violation of R.C. 2907.02(A), with a firearm specification under R.C. 2941.145. Subsequently, appellant pled guilty to the charges, which the court accepted and entered judgment accordingly.
 {¶ 5} Appellant was first sentenced on May 5, 2003. The court determined that appellant was a sexual predator and entered a consecutive sentence of eight years for the offense of rape and three years for the firearm specification.
 {¶ 6} During the sentencing and classification hearing, the court reviewed the substantive allegations, finding that "[o]n March 3, 2003, appellant approached the victim, a prostitute, to elicit sex. The victim informed appellant that she would accommodate him with oral or vaginal sex, but would not engage in anal sex. Ultimately, appellant and the victim drove to appellant's home in Lake County, Ohio. Once inside the home, appellant pointed a gun at the victim's head and ordered her into his bedroom. Appellant then instructed the victim to disrobe. After she had undressed, appellant forced the victim to lie on her stomach and put her hands behind her back, at which time appellant handcuffed her hands. Appellant proceeded to rape the victim by means of anal and oral intercourse. During the course of the rape, appellant placed his gun on a nightstand next to the bed." *Page 3 
 {¶ 7} Appellant then appealed this sentence to our court on June 12, 2003, raising three assignments of error. Appellant appealed the sexual predator classification as against the manifest weight of the evidence, that his sentence was not supported by the record, and that the court erred when it sentenced him to a "maximum sentence" based on factors not found by the jury or admitted by him, in violation of his state and federal constitutional rights to trial by jury. We affirmed, finding appellant's appeal to be without merit.
 {¶ 8} Appellant then appealed to the Supreme Court of Ohio, which reversed and remanded for resentencing pursuant to State v. Foster
(2006), 109 Ohio St.3d 1, on May 22, 2006. The trial court resentenced appellant on June 2, 2006, to consecutive sentences of eight years for the offense of rape, and the mandatory sentence of three years for the firearm specification.
 {¶ 9} Appellant now timely appeals, raising five assignments of error:
 {¶ 1O} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 11} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of defendant-appellant's right to due process.
 {¶ 12} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers. *Page 4 
 {¶ 13} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the rule of lenity.
 {¶ 14} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the intent of the Ohio legislatures."
 {¶ 15} We note that the issues contained in appellant's five assignments of error have recently been raised and rejected by this court in numerous prior decisions of this court. See State v.Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695;State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v.Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073; State v.Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; State v.Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783.
 {¶ 16} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 17} Thus, based on our prior decisions, appellant's assignments of error are without merit.
 {¶ 18} The judgment of the Lake County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, J., DIANE V. GRENDELL, J., concur. *Page 1