OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Christopher E. Hall, appeals the judgment entered by the Lake County Court of Common Pleas. Hall was sentenced to a 12-month prison term for his conviction for violating his community control.
 {¶ 2} On February 5, 2005, Hall was indicted on two counts of grand theft, fourth-degree felonies in violation of R.C. 2913.02(A)(1) and2913.02(A)(3), respectively, and two counts of complicity to grand theft, fifth-degree felonies, in violation of R.C. 2923.03(A)(2). Hall pled guilty to one count of grand theft, in violation *Page 2 
of R.C. 2913.02(A)(1). The court then dismissed the remaining counts of the indictment.
 {¶ 3} In June 2005, Hall was sentenced to two years of community control. In addition, he was ordered to perform 50 hours of community service, serve 90 days in jail, and pay restitution to the victim. The trial court's sentencing entry indicated a prison term of 17 months could be imposed if Hall violated the terms of his community control.
 {¶ 4} In June 2006, the state filed a motion to terminate Hall's community control. The motion was based on the fact that Hall had been charged with another felony. Hall pled guilty to violating the terms of his community control. Hall was sentenced to a term of 12 months in prison for his violation. He was given credit for 99 days served.
 {¶ 5} Hall raises seven assignments of error. His first and second assignments of error are:
 {¶ 6} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to prison for a violation of community control and in sentencing him to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 8} In his first assignment of error, Hall argues the trial court did not adequately consider the factors contained in R.C. 2929.12. While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to `use specific *Page 3 
language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]'"[1]
 {¶ 9} R.C. 2929.12(B) provides factors that make an offense more serious. R.C. 2929.12(C) provides factors that suggest an offense is less serious. Hall quotes several factors of R.C. 2929.12(B) and cites to one of the factors of R.C. 2929.12(C), but does not provide argument as to how these factors do, or do not, apply to his situation. In this matter, Hall pled guilty to the underlying offense as well as the violation of his community control. Thus, there is only a limited factual basis of Hall's crime in the record. Upon reviewing the facts, we cannot say that any of the factors of R.C. 2929.12(B) or (C) strongly weigh in support of concluding that Hall's offense was "more serious" or "less serious."
 {¶ 10} Moreover, in its judgment entry of sentence, the trial court stated that it had "balanced the seriousness and recidivism factors under R.C. 2929.12." Since the trial court was not required to individually address the factors contained in R.C. 2929.12(B) or (C), we cannot conclude the trial court erred in regard to its consideration of the factors contained in R.C. 2929.12.
 {¶ 11} In both his first and second assignments of error, Hall contends the trial court erred by imposing a more-than-the-minimum sentence on him. Hall argues the trial court needed to engage in an analysis of R.C. 2929.14(B). Hall asserts that since he was convicted of a fourth-degree felony, the trial court was required to impose a minimum six-month sentence, unless the trial court made findings pursuant to former R.C. 2929.14(B). *Page 4 
 {¶ 12} The former version of R.C. 2929.14(B) required the trial court to make certain findings prior to imposing a sentence that was more than the statutory minimum. However, these judicial findings are inconsistent with the United States Supreme Court's opinion in Blakely v.Washington[2]
 {¶ 13} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[3]
 {¶ 14} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial fact-finding.[4]
 {¶ 15} The trial court's 12-month sentence was a "more-than-the-minimum" sentence. However, the trial court did not make findings pursuant to former R.C. 2929.14(B). Instead, the trial court sentenced Hall pursuant to the current, severed version of R.C.2929.14(B), which no longer necessitates findings prior to imposing a "more-than-the-minimum" prison term. The trial court had "full discretion to impose a prison sentence within the statutory range."[5]
For a fourth-degree felony, the statutory range is six to 18 months in prison.[6]
 {¶ 16} We cannot say the trial court abused its discretion by imposing a 12-month prison term in this matter. *Page 5 
 {¶ 17} Hall's first and second assignments of error are without merit.
 {¶ 18} Hall's remaining assignments of error are:
 {¶ 19} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 20} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 21} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 22} "[6.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 23} "[7.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio Legislators."
 {¶ 24} In his remaining assignments of error, Hall asserts his sentence is unconstitutional, because he committed his crime prior to the Supreme Court of Ohio's decision in State v. Foster,[7] but was sentenced pursuant to the post-Foster version of R.C. 2929.14.
 {¶ 25} This court has addressed Hall's exact arguments in the case ofState v. Elswick[8] In State v. Elswick, this court found the verbatim assignments of error that are *Page 6 
raised in this appeal to be without merit.[9] In addition, similar arguments have "been consistently rejected by other Ohio appellate districts and federal courts.[10] "[11]
 {¶ 26} Based on the authority of State v. Elswick, Hall's third, fourth, fifth, sixth, and seventh assignments of error are without merit.
 {¶ 27} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] State v. Webb, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, at ¶ 10, quoting State v. Arnett (2000), 88 Ohio St.3d 208, 215.
[2] Blakely v. Washington (2004), 542 U.S. 296. See, also, State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[3] State v. Foster, at paragraph one of the syllabus, followingApprendi v. New Jersey (2000), 530 U.S. 466 and Blakely v.Washington, supra.
[4] State v. Foster, paragraph two of the syllabus, followingUnited States v. Booker (2005), 543 U.S. 220.
[5] Id. at paragraph seven of the syllabus.
[6] R.C. 2929.14(A)(4).
[7] See State v. Foster, supra.
[8] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.
[9] Id. at ¶ 5-55. See, also, State v. Marino, 11th Dist. No. 2006-L-192, 2007-Ohio-2566, at ¶ 8-14; State v. Nicholson, 11th Dist. No. 2006-L-210, 2007-Ohio-2058, at ¶ 5-11; and State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853, at ¶ 10-17.
[10] See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 15-18; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶7-12; United States v. Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345,1354-1356.
[11] State v. Markiewicz, 11th Dist. No. 2006-L-249, 2007-Ohio-3974, at ¶ 12. *Page 1