OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Jeremy W. Dwyer, appeals the judgment entered by the Portage County Court of Common Pleas.
 {¶ 2} Dwyer was indicted on February 27, 2007, on one count of failure to provide notice of change of address in violation of R.C. 2950.05(A) and 2950.05(E)(1), and one count of falsification in violation of R.C.2921.13. Dwyer entered into a written *Page 2 
plea agreement on May 9, 2007, pleading guilty to the charge of failure to provide notice of change of address, a felony of the fourth degree. The remaining count was dismissed.
 {¶ 3} Two days later, on May 11, 2007, Dwyer was charged with a violation of R.C. 2907.05(A)(4), gross sexual imposition, a felony of the third degree. Dwyer pled guilty to this charge. On June 29, 2007, both criminal cases proceeded to a sentencing hearing.
 {¶ 4} With respect to the violation of R.C. 2907.05(A)(4), the trial court sentenced Dwyer to a term of incarceration of four years, a fine of $250 and court costs, and he was labeled a habitual sexual offender. With respect to the violation of R.C. 2950.05(A) and 2950.05(E)(1), the trial court sentenced Dwyer to a term of incarceration of one year, and a fine of $250 and court costs. The trial court also ordered the two terms of incarceration to be served concurrent to one another.
 {¶ 5} Dwyer filed a timely notice of appeal.
 {¶ 6} Dwyer's first assignment of error states:
 {¶ 7} "The trial court erred in sentencing Jeremy W. Dwyer to a non-minimum prison term for gross sexual imposition in violation of the United States Constitution and his rights under the Constitution."
 {¶ 8} Under this assignment of error, Dwyer raises five post-Foster sentencing issues. See State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Specifically, Dwyer argues his post-Foster sentence (1) violated the Due Process and Ex Post Facto Clauses of the United States Constitution, (2) violated his right to a trial by jury, (3) *Page 3 
violated the principle of separation of powers, (4) denied him equal protection of the law, and (5) violated the rule of lenity.
 {¶ 9} First, Dwyer essentially argues that his post-Foster sentence violates the Ex Post Facto Clause because it deprives offenders of the presumption of minimum terms of imprisonment. However, this argument was rejected by this court in State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 15-23.
 {¶ 10} With respect to Dwyer's separation of powers, due process, and rule of lenity arguments, these identical issues have been raised and rejected in prior decisions of this court. See State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 5-55; State v. Marino, 11th Dist. No. 2006-L-192, 2007-Ohio-2566, at ¶ 8-14; State v.Nicholson, 11th Dist. No. 2006-L-210, 2007-Ohio-2058, at ¶ 5-11;State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853, at ¶ 10-17;State v. Yearian, 11th Dist. No. 2006-P-0106, 2007-Ohio-2165, at ¶ 6-9;State v. Hall, 11th Dist. No. 2006-L-226, 2007-Ohio-4950, at ¶ 24-27; and State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, at ¶ 122-124. Additionally, similar arguments have been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 15-18; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶7-12; United States v. Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345,1354-1356, and the cases cited therein.
 {¶ 11} Regarding Dwyer's argument that his right to a jury trial was violated, he maintains the Supreme Court of Ohio "judicially legislated" away his Sixth Amendment right to a trial by jury. Essentially, this argument was addressed in this court's analysis of the separation of powers and due process arguments in State v. Elswick, 2006-Ohio-7011, *Page 4 
at ¶ 10-39. See, also, State v. Yearian, 2007-Ohio-2165, at ¶ 9. This argument advanced by Dwyer lacks merit.
 {¶ 12} Moreover, Dwyer advances an equal protection argument. In order to support his argument, Dwyer asserts, "the trial court should have imposed a minimum sentence of six months for the forgery." Yet, as we have previously indicated, Dwyer did not plead guilty to forgery but to gross sexual imposition, a felony of the third degree. Therefore, the statutory range for a felony of the third degree is "one, two, three, four, or five years." R.C. 2929.14(A)(3). Further, Dwyer asserts that a defendant in his position "who was sentenced constitutionally beforeFoster would have received a minimum term." Yet, a similar argument was rejected as a Due Process and Ex Post Facto Clause challenge since "defendants face the same potential sentences as they did beforeFoster." State v. Elswick, 2006-Ohio-7011, at ¶ 16. (Citations omitted.) Therefore, this argument lacks merit.
 {¶ 13} Dwyer also argues that he should have received the "minimum, presumptive sentence [of] one year in prison, not the four year prison term he ultimately received." After the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." "Since Foster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 25. *Page 5 
 {¶ 14} As noted, Dwyer pled guilty to gross sexual imposition, a felony of the third degree. Therefore, since the trial court sentenced Dwyer within the statutory range, this argument has no merit. R.C.2929.14(A)(3).
 {¶ 15} Since Dwyer's sentence does not violate State v. Foster, this court will not disturb it on appeal. In addition, Dwyer's post-Foster arguments are without merit. Therefore, Dwyer's first assignment of error is not well-taken.
 {¶ 16} Dwyer's second assignment of error states:
 {¶ 17} "Mr. Dwyer received ineffective assistance of counsel at his sentencing when trial counsel failed to object to the court's imposition of a sentence in violation of his rights under the [S]ixth and [Fourteenth [A]mendment[s] to the [Constitution of the United States."
 {¶ 18} The Supreme Court of Ohio, in State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, adopted the following test set forth in Strickland v. Washington (1984), 466 U.S. 668, to determine if counsel's performance is ineffective: "[counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Moreover, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on lack of sufficient prejudice, * * * that course should be followed.'" Id. at 143, citing Strickland, at 697.
 {¶ 19} While Dwyer contends his trial counsel was ineffective for failing to object to the sentence imposed by the trial court, the trial court did not err in imposing Dwyer's *Page 6 
sentence. Based on our analysis under Dwyer's first assignment of error, his trial counsel was not ineffective for failing to object. Therefore, Dwyer's second assignment of error is without merit.
 {¶ 20} The judgment of the trial court is affirmed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1