OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Stephen S. Dackiewicz, appeals the judgment entered by the Lake County Court of Common Pleas.
 {¶ 2} Dackiewicz pled guilty to two counts of robbery, second-degree felonies in violation of R.C. 2911.02(A)(2). Dackiewicz was sentenced to imprisonment for seven *Page 2 
years on each offense, to be served consecutive to one another, for a total imprisonment term of 14 years.
 {¶ 3} Dackiewicz appealed his sentence. On December 18, 2006, this court vacated his sentence and remanded the matter to the trial court for sentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Dackiewicz, 11th Dist. No. 2006-L-150,2006-Ohio-6692, at ¶ 16-17.
 {¶ 4} On September 26, 2007, Dackiewicz was sentenced to imprisonment for seven years on each offense, to be served consecutive to one another, for a total imprisonment term of 14 years.
 {¶ 5} Dackiewicz filed a timely notice of appeal and assigns the following five errors for our consideration:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and consecutive prison term in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and consecutive prison term in violation of defendant-appellant's right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and consecutive prison term contrary to the rule of lenity. *Page 3 
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and consecutive prison term contrary to the intent of the Ohio Legislators."
 {¶ 11} The arguments asserted by Dackiewicz in these assignments of error are interrelated and will therefore be considered together. They are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 19-29; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 5-55, discretionary appeal not allowed by State v. Elswick, 113 Ohio St.3d 1513, 2007-Ohio-2208;State v. Marino, 11th Dist. No. 2006-L-192, 2007-Ohio-2566, at ¶ 8-14;State v. Nicholson, 11th Dist. No. 2006-L-210, 2007-Ohio-2058, at ¶5-11; State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853, at ¶ 10-17; State v. Yearian, 11th Dist. No. 2006-P-0106, 2007-Ohio-2165, at ¶ 6-9; State v. Hall, 11th Dist. No. 2006-L-226, 2007-Ohio-4950, at ¶ 24-27; and State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, at ¶ 122-124. Additionally, similar arguments have been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 15-18; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶7-12; United States v. Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345,1354-1356, and the cases cited therein. Finally, these arguments have essentially been rejected by the Supreme Court of Ohio as a result of the Court's refusal to exercise jurisdiction in Elswick, supra. *Page 4 
 {¶ 12} For the foregoing reasons, Dackiewicz's five assignments of error are overruled and the judgment entry on sentence from the Lake County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1