OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Quelman Bernardo Oseto Medina ("Medina"), appeals the judgment entered by the Lake County Court of Common Pleas.
 {¶ 2} On September 9, 2005, Medina pled guilty to one count of kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(4); one count of robbery, a second-degree *Page 2 
felony in violation of R.C. 2911.02(A)(2); and one count of attempted rape, a second-degree felony in violation of R.C. 2923.02 and R.C. 2907.02(A)(2). Medina was sentenced to a term of imprisonment of six years for the kidnapping charge, four years for the robbery charge, and eight years for the attempted rape charge. The prison terms were to be served consecutive to one another for a total imprisonment term of 18 years.
 {¶ 3} Medina appealed his sentence, and on November 3, 2006, this court vacated his sentence and remanded the matter to the trial court for resentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Medina, 11th Dist. No. 2005-L-204,2006-Ohio-5828, at ¶ 34.
 {¶ 4} On December 21, 2006, Medina was sentenced to imprisonment for three years for the kidnapping charge, two years for the robbery charge, and eight years for the attempted rape charge. The prison terms are to be served consecutive to one another for a total imprisonment term of 13 years.
 {¶ 5} Appellant filed a timely notice of appeal and assigns the following five errors for our consideration:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, maximum, and consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, maximum, and consecutive prison terms in violation of defendant-appellant's right to due process. *Page 3 
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, maximum, and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, maximum, and consecutive prison terms contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, maximum, and consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 11} The arguments asserted by Medina in these assignments of error are interrelated and will therefore be considered together. They are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 19-29; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 5-55, discretionary appeal not allowed by State v. Elswick, 113 Ohio St.3d 1513, 2007-Ohio-2208;State v. Marino, 11th Dist. No. 2006-L-192, 2007-Ohio-2566, at ¶ 8-14;State v. Nicholson, 11th Dist. No. 2006-L-210, 2007-Ohio-2058, at ¶ 5-11; State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853, at ¶ 10-17; State v. Yearian, 11th Dist. No. 2006-P-0106, 2007-Ohio-2165, at ¶ 6-9; State v. Hall, 11th Dist. No. 2006-L-226, 2007-Ohio-4950, at ¶ 24-27; and State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, at ¶ 122-124. Additionally, similar arguments have been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, *Page 4 2006-Ohio-6899, at ¶ 15-18; State v. Moore, 3d Dist. No. 1-06-51,2006-Ohio-6860, at ¶ 7-12; United States v. Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein. Finally, these arguments have essentially been rejected by the Supreme Court of Ohio as a result of the Court's refusal to exercise jurisdiction inElswick, supra.
 {¶ 12} For the foregoing reasons, Medina's five assignments of error are overruled and the judgment entry of sentence of the Lake County Court of Common Pleas is hereby affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1