JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Deandre Burten ("defendant"), appeals from a jury verdict finding him guilty of two counts of felonious assault. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On January 18, 2006, the Cuyahoga County Grand Jury indicted defendant on two counts of aggravated robbery, in violation of R.C.2911.01; two counts of felonious assault with firearm specifications, in violation of R.C. 2903.11; and one count of having weapons while under disability, in violation of R.C. 2923.13.
 {¶ 3} These charges arose out of a shooting that occurred on the afternoon of October 22, 2005. On that afternoon, Carnell Mathews ("Mathews") was seriously *Page 3 
injured after being shot in the back and shoulder while walking down the street. Several months after the shooting, the Cleveland police apprehended defendant.
 {¶ 4} On May 10, 2006, a jury trial began and the following testimony was given: The State first called Mathews, who testified that on the afternoon of October 22, 2005, he was walking on the sidewalk of East 108th Street in Cleveland, Ohio. As he was walking, he saw the defendant, whom he knew as "Sweet Pea," and another man, whom he did not recognize, pull into a driveway in a red Ford Explorer and get out of the car. Mathews knew "Sweet Pea" from the neighborhood and was friends with "Sweet Pea's" older brother. The two men began walking toward Mathews and as soon as they passed him, Mathews heard a loud bang and felt pain in his lower back. Mathews spun around and saw defendant pointing a gun at him. Defendant then shot Mathews in the shoulder. Mathews thought the men were trying to rob him so he threw his money on the ground. The unidentified male picked up the money and fled on foot. Defendant got into the red SUV and fled the scene as well. Mathews collapsed and was surrounded by people on the street. He was taken to the hospital shortly thereafter. While at the hospital, Mathews was able to positively identify defendant as the shooter. Mathews testified that although there were numerous witnesses, no one came forward because they were afraid of being called a "snitch."
 {¶ 5} Next, Sheriece Scott Washington ("Washington") testified that she was visiting her parents who live on East 108th
Street on the afternoon of October 22, 2005. She said that she heard a gunshot and went to look out the front window to see what was going on. She testified that she saw defendant holding a gun and *Page 4 
Mathews backing up and throwing money on the ground. She also saw another man pick up the money and run away. She testified that she has known both Mathews and defendant for about 15 years from the neighborhood. She testified that she did not come forward right away because there were so many witnesses and she thought someone else would have come forward to testify. Washington testified that she suspected no one came forward to testify against defendant because they did not want to "snitch."
 {¶ 6} Next, Patrol Officer Ken Kirk ("Ptl. Kirk") of the Cleveland Police Department testified that he responded to the scene as Mathews was being taken to the hospital. Ptl. Kirk testified that there were about 10-15 people outside and many of these witnesses identified "Sweet Pea" as the shooter. However, no one would make an official statement. Ptl. Kirk went to the hospital and spoke with Mathews. Mathews told Ptl. Kirk about "Sweet Pea" and gave him a description.
 {¶ 7} Next, Detective Larry Russell ("Det. Russell") of the Cleveland Police Department testified that he went to the hospital to talk to Mathews two days after the shooting. Det. Russell brought a photo array to the hospital and Mathews made a positive identification of defendant as the shooter.
 {¶ 8} For the defense, Tiffany Burten ("Tiffany"), the defendant's wife, testified that she was with the defendant in Sandusky at the time of the shootings. She also testified that she owns a red Ford Explorer.
 {¶ 9} Next, Shedrick Bobbitt ("Bobbitt"), a childhood friend of the defendant, testified that he was with defendant in Sandusky on the day of the shooting. Specifically, Bobbitt testified that defendant was in Sandusky all week, at a hotel, *Page 5 
celebrating his marriage to Tiffany and that he was driving around Sandusky with the defendant at the actual time of the shooting. He testified that they were driving a red Ford Explorer.
 {¶ 10} On May 15, 2006, defendant was found guilty on two counts of felonious assault, with the specifications attached. Defendant was found not guilty of the aggravated robbery charges. Defendant subsequently entered a no contest plea to the weapons charge and was sentenced to eight years in prison. Defendant now appeals and raises the following sole assignment of error for our review.
 {¶ 11} "I. Whether the verdict was against the manifest weight of the evidence."
 {¶ 12} In this assignment of error, defendant argues that his convictions for felonious assault are against the manifest weight of the evidence. Specifically, defendant claims that he had a credible alibi for the time of the shooting.
 {¶ 13} A manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d 380, 390,1997-Ohio-52. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 14} Here, defendant was convicted of felonious assault under R.C.2903.11, which provides that "No person shall knowingly do either of the following: (1) Cause *Page 6 
serious physical harm to another * * * (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." Here, Mathews identified defendant as the man who shot him on the afternoon of October 22, 2005. Specifically, that defendant walked past him, shot him in the back, and then shot him in the shoulder. Mathews testified that he has known the defendant for many years because he went to school with defendant's older brother. Mathews testified that he did not have any problems or "history" with the defendant. Mathews identified defendant as the person who shot him at the scene, in a photo array, and again at trial. In addition, Washington testified that she has known the defendant for many years and saw him shoot Mathews.
 {¶ 15} Although the jury also heard defendant's wife and friend testify that defendant was in Sandusky, Ohio when the incident occurred, their credibility was for the jury to determine. See State v.DeHass (1967), 10 Ohio St.2d 230. A jury may take note of any inconsistencies in testimony and resolve them accordingly, believing all, part, or none of a witness's testimony. State v. Smith, Franklin App. No. 06AP-5, 2007-Ohio-1416. Here, the jury, in weighing the evidence, deemed the State's witnesses to be more credible. The record presents no basis for us to conclude the jury lost its way in so determining.
 {¶ 16} Upon careful review of the testimony and evidence presented at trial, we find that substantial, competent, and credible evidence supports the jury's verdict that defendant caused serious physical harm to Mathews with a deadly weapon. Accordingly, his conviction for felonious assault is not against the manifest weight of the evidence. *Page 7 
 {¶ 17} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1