OPINION
{¶ 1} Appellant, Wrahsaan J. Barringer, appeals the judgment entered by the Portage County Court of Common Pleas. Upon remand from this court, the trial court sentenced Barringer to an aggregate prison term of 17 years for his convictions for felonious assault, with firearm specifications; having a weapon while under disability; and illegal possession of a firearm in a liquor permit premises.
 {¶ 2} In January 2004, a fight occurred during a birthday party at the Men's Civic Club in Ravenna, Ohio. During the fight, several shots were fired into the crowd. *Page 2 
At trial, Barringer was identified as one of the shooters. Several individuals sustained injuries as a result of the shooting.
 {¶ 3} Barringer was indicted on six counts, including four counts of felonious assault, in violation of R.C. 2903.11(A)(2) and second-degree felonies; one count of having a weapon while under disability, in violation of R.C. 2923.13 and a fifth-degree felony; and one count of illegal possession of a firearm in a liquor permit premises, in violation of R.C. 2923.121 and a fifth-degree felony. All of the felonious assault counts contained firearm specifications, pursuant to R.C. 2929.14(D) and 2941.145.
 {¶ 4} Barringer pled not guilty to the charges, and a jury trial was held. The jury found Barringer guilty on two of the felonious assault counts, as well as the firearm specifications in regard to those counts. In addition, the jury found Barringer guilty of the counts of having a weapon while under disability and illegal possession of a firearm in a liquor permit premises. The jury found Barringer not guilty on the remaining two counts of felonious assault.
 {¶ 5} The trial court merged the firearm specifications for purposes of sentencing. The trial court sentenced Barringer to seven-year prison terms for each of his felonious assault convictions, to be served consecutively to each other. The trial court imposed a three-year term for the firearm specification, to be served consecutively to both of the seven-year terms for the felonious assault convictions. Further, the trial court imposed 11-month sentences for Barringer's convictions for having a weapon while under disability and illegal possession of a firearm in a liquor permit premises. The 11-month terms were ordered to be served concurrently to each other and the *Page 3 
sentences for the felonious assault convictions and the firearm specification. Thus, Barringer's aggregate prison term was 17 years.
 {¶ 6} Barringer appealed his convictions and sentence to this court.State v. Barringer, 11th Dist. No. 2004-P-0083, 2006-Ohio-2649. This court affirmed his convictions. Id. at ¶ 88. In addition, this court affirmed Barringer's sentences for having a weapon while under disability and illegal possession of a firearm in a liquor permit premises, as well as his sentence for the firearm specification. Id. at ¶ 84-88. However, this court reversed Barringer's sentences for his felonious assault convictions and remanded the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Id. at ¶ 88.
 {¶ 7} In July 2006, the trial court conducted a resentencing hearing. The trial court imposed an identical, aggregate 17-year prison sentence. This aggregate prison sentence included seven-year sentences for each of Barringer's felonious assault convictions and a three-year term for the firearm specification, all to be served consecutively to each other.
 {¶ 8} Barringer has appealed the trial court's resentencing judgment entry to this court. Barringer raises four assignments of error. His first and second assignments of error are:
 {¶ 9} "[1.] The trial court erred when it sentenced appellant under the guidelines of State v. Foster since Foster's severance provisions operate as an ex post fact law.
 {¶ 10} "[2.] The trial court denied appellant due process when it sentenced appellant under the guidelines of State v. Foster." *Page 4 
 {¶ 11} In his first and second assignments of error, Barringer asserts his sentence is unconstitutional because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has addressed Barringer's exact arguments in the case of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In State v. Elswick, this court found the arguments that are raised in this appeal to be without merit. Id. at ¶ 5-31. See, also, State v. Marino, 11th Dist. No. 2006-L-192,2007-Ohio-2566, at ¶ 8-14; State v. Nicholson, 11th Dist. No. 2006-L-210, 2007-Ohio-2058, at ¶ 5-11; and State v. Schaub, 11th Dist. No. 2006-L-126, 2007-Ohio-2853, at ¶ 10-17. Additionally, in State v.Green, this court found a similar post-Foster Ex Post Facto Clause argument to be without merit. State v. Green, 11th Dist. Nos. 2005-A-0069 2005-A-0070, 2006-Ohio-6695, at ¶ 15-23. Finally, similar arguments have "been consistently rejected by other Ohio appellate districts and federal courts." State v. Markiewicz, 11th Dist. No. 2006-L-249, 2007-Ohio-3974, at ¶ 12, citing State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 15-18; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 7-12; and United States v.Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345, 1354-1356.
 {¶ 12} Based upon the prior authority of this and other courts, Barringer's first and second assignments of error are without merit.
 {¶ 13} Barringer's third assignment of error is:
 {¶ 14} "The trial court's sentence of appellant was an abuse of discretion."
 {¶ 15} After the State v. Foster decision, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make *Page 5 
findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Foster, 2006-Ohio-856, at paragraph seven of the syllabus. Thus, this court has held post-Foster felony sentencing is generally reviewed for abuse of discretion. State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, at ¶ 19. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 16} In this matter, Barringer contends the trial court abused its discretion by imposition of consecutive, seven-year prison terms for the felonious assault convictions. We disagree. Barringer's felonious assault convictions resulted from his decision to fire a handgun in a crowded nightclub. As this court noted in its opinion of Barringer's first appeal, one of the witnesses described Barringer's actions as follows, "`and the next thing I know, (Barringer) just starts shooting. As he's running, he's shooting, not knowing who he's shooting at and don't care who he hits.'" State v. Barringer, 11th Dist. No. 2004-P-0083, 2006-Ohio-2649, at ¶ 18. The jury determined that Barringer's actions injured two people, to wit: Deborah Kelly and Jonathan Caples, who both received gunshot wounds to their right arms. In determining to impose seven-year, consecutive sentences, the trial court most certainly considered the severity of Barringer's offenses and the fact that the outcome of his actions could have been much more tragic.
 {¶ 17} Barringer directs our attention to several other cases to support his argument that the trial court abused its discretion in imposing consecutive, seven-year prison terms. For the following reasons, all of these cases are distinguishable from the case sub judice. Barringer cites State v. Worrell, 10th Dist. No. 06AP-706,2007-Ohio-2216, *Page 6 
at ¶ 3, in which the defendant was sentenced to an aggregate prison term of 19 years for his rape and kidnapping convictions in a case where the defendant's wife was the victim. Since the underlying crimes inWorrell are entirely different from those in the case sub judice, this case is immediately distinguishable. Barringer also cites State v.Burten, 8th Dist. No. 88395, 2007-Ohio-2641. In Burten, the defendant was sentenced to a term of eight years in prison for his felonious assault convictions. Id. at ¶ 10. However, unlike the instant matter, there was only one shooting victim in Burten. Id. at ¶ 4. Finally, Barringer cites State v. Serrano, 164 Ohio App.3d 103, 2005-Ohio-5606, at ¶ 1, where the defendant received a four-year prison term for his felonious assault conviction. It is important to note that the attack inSerrano was unsuccessful, as the knife actually hit the victim's cell phone and did not enter his body. Id. at ¶ 2.
 {¶ 18} Moreover, none of the cases cited by Barringer outline the criminal history of the respective defendants. In this case, the trial court indicated it reviewed the presentence investigation ("PSI") report. The PSI report indicates Barringer has a significant criminal history. On appeal, Barringer recognizes this fact. In his brief, he concedes that he has "a history of criminal convictions." A defendant's prior criminal record is a critical fact regarding the offender's recidivism potential and is to be considered when imposing a felony sentence. See R.C. 2929.12(D)(2).
 {¶ 19} Considering all of the cases cited by Barringer are factually distinguishable from the case sub judice, none of those cases expand on the defendants' criminal records, and Barringer's own criminal record, we decline to find that the trial court erred in imposing Barringer's sentence based on the cases cited by Barringer. *Page 7 
 {¶ 20} The trial court did not abuse its discretion by imposing consecutive, seven-year prison sentences for Barringer's felonious assault convictions.
 {¶ 21} Barringer's third assignment of error is without merit.
 {¶ 22} Barringer's fourth assignment of error is:
 {¶ 23} "The trial court's [sic] abused its discretion by failing to consider the statutory factors of Ohio Revised Code Section 2929.12."
 {¶ 24} R.C. 2929.12 is a "general guidance statute," which was not affected by the Foster decision. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 36-42. See, also, State v. Lloyd, 11th Dist. No. 2005-L-146, 2006-Ohio-6534, at ¶ 17-18. R.C. 2929.12 provides a list of factors that the trial court "shall consider" when imposing a felony sentence.
 {¶ 25} While this court generally reviews post-Foster felony sentencing decisions for abuse of discretion, there are certain limited circumstances where the clear and convincing standard of review remains viable. For example, the clear and convincing standard of review will be employed where it is alleged the sentence is contrary to law. State v.Payne, 2007-Ohio-6740, at ¶ 19. See, also, e.g., State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, at ¶ 19.
 {¶ 26} This court has held that the abuse of discretion standard of review applies to the appellate review of the trial court's consideration of the R.C. 2929.12 factors. State v. Payne, 2007-Ohio-6740, at ¶ 21. We have conducted an abuse of discretion review in our analysis of Barringer's third assignment of error. We concluded that the trial court did not abuse its discretion by imposing consecutive, seven-year prison sentences for Barringer's felonious assault convictions. *Page 8 
 {¶ 27} Barringer asserts the trial court did not consider the R.C.2929.12 factors. If true, the trial court's actions would be contrary to the clear mandates of the statute. Thus, Barringer essentially argues that his sentence is contrary to law. Accordingly, pursuant to R.C.2953.08(G)(2)(b), we will employ the "clear and convincing" standard of review for this assignment of error.
 {¶ 28} While the trial court is required to consider the R.C. 2929.12
factors, "the court is not required to `use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]'" State v. Webb, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, at ¶ 10, quoting State v. Arnett (2000),88 Ohio St.3d 208, 215.
 {¶ 29} R.C. 2929.12(B) contains factors that indicate an offender's conduct is "more serious" than normal conduct associated with the offense. Barringer argues that it is questionable as to whether R.C.2929.12(B)(2) applied. We strongly disagree. This section provides that "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." Both victims were shot with a firearm. As such, R.C. 2929.12(B)(2) pertains to this matter.
 {¶ 30} R.C. 2929.12(C) contains factors that indicate an offender's conduct is "less serious" than normal conduct associated with the offense. In his brief, Barringer concedes that none of these factors pertain to his conduct in the instant matter.
 {¶ 31} R.C. 2929.12(D) contains factors that indicate an offender is "likely to commit future crimes." Barringer acknowledges that "some of [these] factors apply." Specifically, he refers to the fact that he has a history of criminal convictions. See R.C. 2929.12(D)(2). *Page 9 
 {¶ 32} R.C. 2929.12(E) contains factors that indicate an offender is "not likely to commit future crimes." Barringer argues that he had not been adjudicated a delinquent child. See R.C. 2929.12(E)(1). However, we note, and Barringer admits, that he has a history of crimes committed as an adult. R.C. 2929.12(E)(2). Also, Barringer argues that the instant offenses were committed under circumstances not likely to recur. See 2929.12(E)(4). He argues that it is unlikely he will "again become involved in resolving a dispute in a club at a birthday party." Barringer reads this factor too narrowly. The issue is not whether Barringer will fire a handgun at the exact location, during an identical function. Rather, the issue is whether Barringer will resort to similar acts of violence during another emotionally-escalated situation.
 {¶ 33} Barringer has not demonstrated that the trial court failed to consider the R.C. 2929.12 factors. Thus, upon a review of the record and Barringer's arguments, we do not clearly and convincingly find that the trial court's sentence was contrary to law. See R.C. 2953.08(G)(2). Moreover, we hold that the trial court did not abuse its discretion in imposing Barringer's sentence.
 {¶ 34} Barringer's fourth assignment of error is without merit.
 {¶ 35} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, P.J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1